IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GLEN EDWARD BYARS, JR., | ) | CV. NO. 5:13-CV-189-DAE |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM STEPHENS, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Inst. Division, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER: (1) DENYING OBJECTIONS TO MAGISTRATE JUDGE'S
MEMORANDUM AND RECOMMENDATION; (2) ADOPTING
MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION;
(3) DENYING § 2254 APPLICATION FOR WRIT OF HABEAS CORPUS;
(4) DENYING CERTIFICATE OF APPEALABILITY

Before the Court is an objection to Magistrate Judge Primomo's

Memorandum and Recommendation filed by Petitioner Glen Edward Byars, Jr.

("Petitioner" or "Byars").  ("Obj.," Dkt. # 18.)[1]  For the reasons that follow, the

Court **DENIES** Petitioner's objections to the Memorandum, **ADOPTS** the

Magistrate Judge's recommendations, and thereby **DENIES** Petitioner's § 2254

application for writ of habeas corpus.  The Court also **DENIES** Petitioner a

_____

[1] Pursuant to Local Rule 7(d), the Court finds this matter suitable for disposition
without a hearing.

Certificate of Appealability.

BACKGROUND

On November 15, 2009, Petitioner was charged by indictment in the 226th Judicial District Court of Bexar County with driving while intoxicated ("DWI"), in violation of Texas Penal Code § 49.04.  The indictment alleged that Petitioner had been previously convicted of two prior DWI offenses, which raised the instant offense from a misdemeanor to a third degree felony.  See Tex. Penal Code § 49.09(b)(2) ("An offense under Section 49.04 . . . is a felony of the third degree if it is shown on the trial of the offense that the person has previously been convicted: (2) two times of any other offense relating to the operating of a motor vehicle while intoxicated . . . .").  The indictment also charged that Petitioner had been convicted of two additional felony offenses, which qualified him to be sentenced as a habitual offender.  See Tex. Code Crim. Proc. § 12.42(d) ("[I]f it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.").

Petitioner was found guilty by a jury in the 187th District Court of Bexar County, Texas.  On November 17, 2010, the jury sentenced him to serve thirty-five years in TDCJ-CID.

Petitioner timely appealed to the Texas Fourth Court of Appeals, arguing that the evidence was legally insufficient to sustain a conviction for felony DWI.  Specifically, he asserted that the evidence did not establish that he operated his truck in a public place.  The Fourth Court of Appeals rejected Petitioner's argument and affirmed his conviction on October 12, 2011.  Byars v. State, No. 04-10-00853-CR, 2011 WL 4830166, at *2 (Tex. App. Oct. 12, 2011).  The court emphasized that Petitioner had been arrested for driving while intoxicated after he was involved in an accident with another car while backing out of his driveway. Id. at *1.  The court reiterated that Jaime Silva, the driver of the other car involved in the accident, testified that at least half of Petitioner's truck was in the street at the time of the accident and Guadalupe Conchas-Rivera, Petitioner's neighbor who witnessed the accident, testified that the accident occurred in Petitioner's driveway, but also told the investigating officer, at the time of the accident, that Petitioner backed the truck out of the driveway and into the other vehicle.  Id.  Furthermore, the court found that because Petitioner's truck was parked on the street when the investigating officers arrived at the scene, the jury could have reasonably inferred that Petitioner drove the truck on the street in order to park it.  Id.  On March 28,

3

2012, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review of the Fourth Court's decision.

On September 28, 2012, Petitioner filed a state habeas application under Article 11.07 of the Texas Code of Criminal Procedure. He raised the same issues of ineffective assistance of counsel and insufficiency of the evidence that are presented in the instant § 2254 petition for writ of habeas corpus. On January 22, 2013, the 187th Judicial District Court denied Petitioner's application. Petitioner then sought review in the Texas Court of Criminal Appeals on January 30, 2013. However, on February 20, 2013, the Texas Court of Criminal Appeals also denied Petitioner's application for habeas corpus without a hearing and without a written order based on the 187th Judicial District Court's findings.

On March 2, 2013, Petitioner filed his federal habeas petition that is now currently before the Court. ("Pet.," Dkt. # 2.) On August 13, 2014, Magistrate Judge John Primomo issued a Memorandum and Recommendation ("Memorandum"), advising that Petitioner's habeas petition should be denied. ("Mem.," Dkt. # 14.) Petitioner timely filed objections to the Magistrate Judge's Memorandum. (Dkt. # 18.)

<u>STANDARDS OF REVIEW</u>

I.    <u>Review of a Magistrate Judge's Memorandum and Recommendation</u>

Any party may contest the Magistrate Judge's findings by filing written objections within fourteen days of being served with a copy of the Memorandum and Recommendation.  28 U.S.C. § 636(b)(1)(C).  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider.  <u>Thomas v. Arn</u>, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections." <u>Battle v. U.S. Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987) (quoting <u>Nettles v. Wainwright</u>, 677 F.2d 404, 410 n.8 (5th Cir. 1982), <u>overruled on other grounds</u> by <u>Douglass v. United States Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996)).

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  <u>See</u> 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  On the other hand, findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Memorandum and Recommendation is clearly erroneous or contrary to law. <u>United States v. Wilson</u>, 864 F.2d 1219, 1221 (5th Cir. 1989).

II.     Section 2254 Habeas Petition

Section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides federal courts with the authority to issue habeas corpus relief for persons in state custody.  See 28 U.S.C. § 2254.  A federal court may not grant such habeas relief unless, with certain exceptions, the applicant has exhausted state remedies.  Id. § 2254(b)–(c).

If an application includes a claim that has been "adjudicated on the merits in State court proceedings," see id. § 2254(d), an additional restriction on granting habeas relief applies, see Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011) (holding that when a state court has adjudicated a claim, there is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt").  Under § 2254(d), a habeas application shall not be granted unless the adjudication of the claim:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The first prong of § 2254(d) applies to state court decisions addressing both questions of law and mixed questions of law and fact.  Williams v.

Taylor, 529 U.S. 362, 407–09 (2000).  The second prong applies to decisions based

solely on factual determinations.  Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

        For purposes of the first prong, a state-court decision is "contrary to"

established Supreme Court precedent if it reaches a legal conclusion opposite the

Supreme Court's or concludes differently on an indistinguishable set of facts.

Williams, 529 U.S. at 405–06.  Relief is available only if the state court applied

clearly established federal law unreasonably, not merely if the state court did so

erroneously or incorrectly.  Id. at 411; see also Cullen, 131 S. Ct. at 1402 (holding

that a state prisoner can satisfy the "unreasonable application of clearly established

federal law" prong of § 2254(d)(1) only by showing that there was no reasonable

basis for the state court's decision).  AEDPA's first prong erects a formidable

barrier to federal habeas relief for prisoners whose claims have been adjudicated in

state court, requiring "a state prisoner [to] show that the state court's ruling on the

claim being presented in federal court was so lacking in justification that there was

an error . . . beyond any possibility for fairminded disagreement."  Harrington v.

Richter, 131 S. Ct. 770, 786–87 (2011).

        For purposes of the second prong, namely whether the state-court's

decision was based on an unreasonable determination of the facts, a state-court

factual determination is not unreasonable merely because the federal habeas court

would have reached a different conclusion in the first instance.  Burt v. Titlow, 134

S. Ct. 10, 15 (2013).  Instead, a state court's factual determinations "shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).

DISCUSSION

I.    <u>Role of the United States Magistrate Judge</u>

       Petitioner first objects to the role of the United States Magistrate Judge.  (Obj. at 1.)  He contends that Magistrate Judge's Memorandum indicates that his request to proceed before a United States District Court Judge was "not honored."  (<u>Id.</u>)  However, Petitioner misunderstands the role of the Magistrate Judge in these proceedings.

       Magistrate judges commonly submit reports and recommendations to district court judges.  Local Rule for the Assignment of Duties to United States Magistrate Judges 1(e) provides:

> A magistrate judge may perform any or all of the duties imposed upon a judge by the rules governing proceedings in the United States District Courts under § 2254 and § 2255 of Title 28, United States Code.  In so doing, a magistrate judge may issue any preliminary orders and conduct any necessary evidentiary hearing or other appropriate proceeding and <u>shall submit to a [district court] judge a report containing proposed findings of fact and recommendations for disposition of the petition by the [district court] judge.</u>

W.D. Tex. Local Rule for the Assignment of Duties to United States Magistrate Judges 1(e) (emphasis added).  This allocation of duties is also provided for in 28 U.S.C. § 636(b)(1)(B), which states:

> [A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and <u>to submit to a judge of the court proposed findings of fact and recommendations for the disposition</u>, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

28 U.S.C. § 636(b)(1)(B) (emphasis added).

After a magistrate judge issues a report containing proposed findings of fact and recommendations, a district court judge must issue an order either adopting or rejecting the magistrate judge's report.  <u>See</u> W.D. Tex. Local Rule for the Assignment of Duties to United States Magistrate Judges 1(e) ("Any order disposing of the petition may be made only by a [district court] judge."); <u>see also</u> 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

As the Local Rules for the Western District of Texas and the statutory scheme outline, it was within the province of the Magistrate Judge to issue a Memorandum and Recommendation to this Court for final adjudication. Petitioner's argument that his request to proceed before a U.S. District Judge was "not honored" is wholly without merit.

II.     <u>Insufficient Evidence</u>

In his § 2254 petition, Petitioner argued that there was insufficient evidence to support his DWI conviction.  (Pet. at 16.)  Petitioner advanced two

9

theories to support his argument: (1) the evidence was insufficient to show that he was operating a motor vehicle in a public place and (2) the evidence adduced at trial failed to establish the necessary temporal link between his driving and his intoxication.  (Id. at 16–17.)

The Magistrate Judge addressed Petitioner's first argument regarding whether he was operating his vehicle in a public place:

> As the Court of Appeals noted, Silva testified that at least half of Byars's truck was in the street at the time of the accident.  While Conchas-Rivera testified that the accident occurred in Byars's driveway, she also told the investigating officers that the accident occurred when Byars backed out of his driveway.  To the extent a conflict in the evidence existed, the jury was entitled to resolve that conflict, as they did, against Byars.  Additionally, as the Court of Appeals noted, the jury could infer that Byars parked his own car on the street.  It was not necessary that someone testify to that effect.

(Mem. at 7.)  The Magistrate Judge concluded by finding, "The determination by the state courts that the evidence was sufficient is not objectively unreasonable" to warrant habeas relief.  (Id.)

Petitioner does not object to the Magistrate Judge's finding regarding whether he was operating a motor vehicle in a "public place," and this Court finds that the Magistrate Judge's determination was neither clearly erroneous, nor contrary to law.  See Wilson, 864 F.2d at 1221.

However, the Magistrate Judge did not appear to address Petitioner's second argument regarding the "temporal link" between his intoxication and his

driving.  Petitioner now argues that there was insufficient evidence to find him

guilty, "especially when Texas precedent case law requires there be a temporal link

showing the defendant actually operated a motor vehicle while intoxicated."  (Obj.

at 1 (citing Coleman v. State, 704 S.W.2d 511 (Tex. App. 1986); Ballard v. State,

757 S.W.2d 369 (Tex. App. 1988); Johnson v. State, 517 S.W.2d 536 (Tex. Crim.

App. 1975); Scillitani v. State, 297 S.W.3d 498 (Tex. App. 2009)).)  Petitioner

asserts that "Officer Cunnings and Jhonson [sic] arrived on the scene after the fact

and never witnessed [Petitioner] operating his motor vehicle intoxicated or

otherwise."  (Pet. at 16.)  According to Petitioner, "[b]ecause nobody could testify

that [he] operated his motor vehicle intoxicate[d]," there was insufficient evidence

of a temporal link between his driving and intoxication.

       In reviewing a claim of insufficient evidence, a reviewing court must

determine whether "viewing the evidence in the light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt."  Dupuy v. Cain, 201 F.3d 582, 589 (5th Cir.

2000) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  To apply this

standard, the reviewing court looks "to the elements of the offense as defined by

state substantive law."  Donohue v. Cain, 231 F.3d 1000, 1004 (5th Cir. 2000)

(citing Miller v. Johnson, 200 F.3d 274 (5th Cir. 2000)).

As Petitioner correctly notes, "in order for the evidence to be sufficient to support a conviction for driving while intoxicated, there must be a temporal link between . . . a defendant's intoxication and his driving." <u>Kuciemba v. State</u>, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010).  Although Petitioner argues that there is insufficient evidence to support this "temporal link" because no one testified that he was intoxicated while driving his motor vehicle, "a conviction can be supported solely by circumstantial evidence." <u>Id.</u> (citing <u>Guevara v. State</u>, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)).

In <u>Hughes v. State</u>, 325 S.W.3d 257 (Tex. App. 2010), the Court of Appeals of Texas addressed a nearly identical argument that Petitioner now advances.  There, the appellant admitted that he had drunk six or seven beers, he had had his last beer at 12:30 a.m., and sometime thereafter he had driven his vehicle and had collided with an inanimate object. <u>Id.</u> at 258.  A state trooper was dispatched and met the appellant at the scene at 1:52 a.m., where he noted that the appellant was "extremely intoxicated." <u>Id.</u>  Around 2:40 a.m., the trooper performed the intoxilyzer test at the jail, which showed that the appellant had alcohol concentration levels of 0.177 and 0.169. <u>Id.</u> at 259.

On appeal, the appellant argued that "there [was] no evidence that he was intoxicated while driving at an earlier time." <u>Id.</u> at 259–60.  In rejecting the appellant's argument, the court noted that the State must present evidence

12

establishing "a temporal link between the defendant's intoxication and his driving," id. at 260 (quoting Kuciemba, 310 S.W.3d at 462), so that "there must be proof which the jury can conclude that, at the time of the driving in question, whenever that may have been, the defendant was intoxicated, id. (citing Zavala v. State, 89 S.W.3d 134, 139 (Tex. App. 2002)).  Reminding that "[b]eing intoxicated at the scene of a traffic accident in which the defendant was the driver is some circumstantial evidence that the defendant's intoxication caused the accident," the court held that the appellant's high blood alcohol concentration levels supported a circumstantial inference "that he had been intoxicated for quite a while."  Id. (citations omitted).  Therefore, "[t]he evidence was sufficient to establish a temporal link between appellant's driving and his intoxication."  Id.

        In this case, there was ample evidence to infer that Petitioner was intoxicated while driving his motor vehicle to satisfy the temporal-link requirement.  At trial, Mr. Silva testified that when Petitioner exited his vehicle after the collision, he appeared drunk, was walking "staggerly," and had a strong smell of beer.  When Officer Greg Cummins of the San Antonio Police Department arrived at the scene and asked Petitioner if he was injured, Officer Cummins also noted a strong smell of alcohol.  Petitioner admitted he had consumed about four beers and was backing out of his driveway when he ran into the other vehicle.  When asked where he was going, Petitioner admitted, "I'm not

going to lie.  I was on my way to the store to get another six-pack."  After

Petitioner's admission, Officer Cummins performed several field sobriety tests,

which Petitioner failed.  After Petitioner's arrest, Petitioner fell asleep in the squad

car while Officer Cummins transported him to jail.  A later blood alcohol test taken

at the magistrate's office revealed that Petitioner's blood alcohol content was .24.

Given this overwhelming evidence of Petitioner's intoxication combined with his

recent driving (and collision), the determination by the state courts that the

evidence was sufficient to establish the temporal link between Petitioner's

intoxication and driving was not objectively unreasonable.  See Kuciemba, 310

S.W.3d at 462.

III.    Ineffective Assistance of Counsel

           Also in his § 2254 petition, Petitioner contended that his trial

attorneys were ineffective when they failed to (1) file a motion to suppress the

blood sample, (2) move for a directed verdict, and (3) invoke the Confrontation

Clause.  (Pet. at 4–8.)  The Magistrate Judge found that the state habeas court's

decision denying Petitioner's three ineffective-assistance claims was neither

contrary to, nor an unreasonable application of federal law.  (Mem. at 8–15.)

Petitioner now objects to each of the Magistrate Judge's findings.  (Obj. at 2.)

           Claims of ineffective assistance of counsel are reviewed under the

standard established by Strickland v. Washington, 466 U.S. 668 (1984).  Strickland

requires that to be denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments, the counsel's representation must have fallen "below an objective standard of reasonableness," and that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694.  However, counsel enjoys a "strong presumption" that his representation was reasonable.  Id. at 689.  Considering the totality of the representation, a petitioner seeking relief must prove by a preponderance of the evidence both that his counsel's assistance was deficient and that the deficient performance prejudiced the defense.  Id. at 694–96, 698.  When viewed through the lens of the AEDPA, this requires a petitioner to show that "the state court's decision—that [the petitioner] did not make the Strickland showing—was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (Strickland)."  Schaetzle v. Cockrell, 343 F.3d 440, 444 (5th Cir. 2003).

     a.     <u>Failure to Seek Suppression of the Blood Sample</u>

     In his § 2254 petition, Petitioner argued that his attorneys erred in failing to suppress the blood sample.  (Pet. at 11–12.)  Petitioner contended that he told his attorneys well-before trial that the sample had been taken in a dirty, open room, in violation of § 724.017 of the Texas Transportation Code, which specifies who may retrieve blood samples and requires that the blood specimen be taken in

sanitary place.  (Id.)  The Magistrate Judge held that the state habeas court's decision denying Petitioner habeas relief was not contrary to, nor was an unreasonable application of federal law because the state court had credited Petitioner's trial attorneys' affidavits testifying that they did not have information regarding the sanitariness of the room until the day of trial.  (Mem. at 9.)  Petitioner now objects, arguing that his trial attorneys "had a duty, once informed by Petitioner about the conditions, to make reasonable investigations or to make a reasonable decision that investigations were not necessary."  (Obj. at 2.)

Petitioner's objection is without merit.  The Magistrate Judge correctly noted that credibility determinations by the state habeas court must be afforded considerable deference.  (Mem. at 10 (citing Coleman v. Quarterman, 456 F.3d 537, 541 (5th Cir. 2006)); see also 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").)  Here, although Petitioner asserted that he told his trial attorneys about the room's sanitariness in advance of trial, the state habeas court found the trial attorneys' affidavits averring that they were unaware of such an issue until the day of trial credible and truthful.  Petitioner did not and has not set forth any evidence—much less clear and convincing evidence—to show that he informed his trial attorneys about the

sanitary issue sufficiently in advance of trial to make a reasonable investigation or to appropriately make a pre-trial motion to suppress.

      b.    <u>Failure to Seek Acquittal by Directed Verdict</u>

      Petitioner's § 2254 petition argued that because there was insufficient evidence to establish the necessary temporal link between his driving and intoxication, his trial attorneys erred in failing to seek an acquittal by directed verdict. (Pet. at 12–13.) The Magistrate Judge found that the state habeas court did not err in determining that the evidence was sufficient to support Petitioner's conviction, so Petitioner's ineffective-assistance-of-counsel challenge failed because Petitioner could not show that his attorneys' alleged error resulted in prejudice. (Mem. at 11.) Now, Petitioner relies on his earlier insufficient-evidence objection to assert that his attorneys erred by not moving for an acquittal or directed verdict to expose the alleged lack of temporal link, and this error led to his conviction. (Obj. at 2.)

      The state habeas court properly determined the Petitioner's trial attorneys' lack of seeking an acquittal or directed verdict did not fall below the objective standard of reasonableness as required by <u>Strickland</u>. As noted earlier, there was more than sufficient circumstantial evidence for a jury to conclude that the requisite temporal link between Petitioner's driving and intoxication had been established. Petitioner's trial attorneys did not err in failing to seek a directed

verdict because to do so would have been futile.  See Koch v. Puckett, 907 F.2d 524, 531 (5th Cir. 1990).  And even if Petitioner's attorneys had sought a directed verdict, the result would not have been different given the overwhelming evidence of a temporal link.

  c. Failure to Invoke the Sixth Amendment

   Last, Petitioner asserted that his attorneys were ineffective for failing to invoke the Confrontation Clause of the Sixth Amendment regarding the proof of prior convictions through "certificates prepared by clerks."  (Pet. at 13–15.)  He contended that had his trial attorneys served notice on the State that they intended to challenge the prior DWI convictions, it would have induced the State to reevaluate the DWI enhancement.  (Id. at 15.)

   At trial, Rebecca Campos, a fingerprint examiner for the Bexar County Sheriff's Office, testified that Petitioner's fingerprint matched the fingerprints on their prior DWI judgments offered by the prosecution to enhance the instant DWI offense from a misdemeanor to a felony under Tex. Penal Code § 49.09(b)(2).  Neither of Petitioner's trial attorneys objected.  After the jury convicted Petitioner of a felony DWI, Campos again testified regarding "penitentiary packets," which were offered to establish that Petitioner had previously been convicted of two felony offenses, which qualified him to be sentenced as a habitual offender under Tex. Code Crim. Proc. § 12.42(d).  One of

Petitioner's trial attorneys did object to the admission of evidence of the penalty enhancement and punishment enhancements, but the trial court overruled the objection.  Because Petitioner's trial attorneys did object to the "penitentiary packets," the Court assumes that Petitioner's <u>Strickland</u> claim pertains only to the prior DWI judgments used to enhance his DWI offense from a misdemeanor to a felony.

The Magistrate Judge held that the failure of Petitioner's attorneys to object to the admission of the prior DWI convictions to qualify the instant DWI offense as a felony, did not violate the Confrontation Clause:

> As noted by the Supreme Court in <u>Melendez-Diaz</u>, a clerk could by affidavit authenticate or provide a copy of an otherwise admissible record, but could not create a record for the sole purpose of providing evidence against a defendant.  <u>Melendez-Diaz</u>, 557 U.S. at 322–23. Campos, who was subject to cross-examination, did not "create" the state court judgments used against Byars.  She merely testified that the fingerprints of the person on those judgments matched Byar's fingerprints.

(Mem. at 13–4.)  The Magistrate Judge also noted that <u>Melandez-Diaz</u> deemed business and public records are generally deemed admissible absent confrontation because they are public records and therefore non-testimonial.  (<u>Id.</u> at 14.)

Petitioner now objects to the Magistrate Judge's Memorandum, but admits that "he may have pled that issue poorly." (Obj. at 2.)  According to Petitioner, he wanted to argue that the prior DWI convictions themselves were suspect; namely that, in one case he believes that he may have waived the right to

counsel upon false or improper representations by the State, and in another, he believes that the equipment readings were wrong.   (Id.)

There are several problems with Petitioner's argument.  First, even if Petitioner's trial attorneys had objected to one of the prior DWI convictions on the basis that the equipment readings were wrong, that objection would have been fruitless.  A prior conviction alleged for enhancement purposes may be collaterally attacked only if it is void or if it is tainted by a constitutional defect.  Dunbar v. State, 761 S.W.2d 133, 134–35 (Tex. App. 1988) (citing Galloway v. State, 578 S.W.2d 142, 143 (Tex. Crim. App. 1979)).  "Lesser infirmities may not be raised by a collateral attack even if they might have resulted in a reversal had they been presented on a direct appeal."  Id. at 135.  Because Petitioner's trial attorneys could not have made a collateral attack based on the equipment readings, the failure to object did not constitute deficient performance—much less constitutionally deficient performance.

Additionally, Petitioner cannot show that his attorneys' failure to object to the other previous DWI conviction on the basis of waiving counsel due to the allegedly false and improper representations by the State amounted to deficient performance.   He has not tendered any evidence to show that he informed his trial attorneys of his alleged unconstitutional waiver, nor has he tendered any evidence that the State engaged in any false or improper representations.  In the absence of

such evidence, the Court cannot deem the trial attorneys' failure to object as constitutionally ineffective.  They had a "duty to make <u>reasonable</u> investigation," <u>Strickland</u>, 466 U.S. at 691 (emphasis added), not every conceivable investigation. It cannot be expected that they would have such intimate knowledge of the circumstances involving Petitioner's previous DWI convictions absent some disclosure by Petitioner.

Second, Petitioner has failed to show that he was prejudiced by his attorneys' failure to object to the prior convictions.   To warrant habeas relief for ineffective assistance of counsel, Petitioner must satisfy the second-prong of the <u>Strickland</u> test by alleging <u>and</u> proving that a successful objection to the admission of the prior DWI judgments would have precluded a finding that the instant DWI offense constituted a felony.  Petitioner did neither.

## CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may only be issued if a petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner is required to show that reasonable jurists could debate whether the issues could have been resolved differently or are "adequate to deserve encouragement to proceed further."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483 (2000) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983), <u>superseded on other grounds by</u> 28 U.S.C. § 2253(c)(2)); <u>see also</u> <u>Matamoros v. Stephens</u>, 539 F.

App'x 487, 490 (5th Cir. 2013) ("A petitioner satisfies this standard if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." (quoting <u>Slack</u>, 529 U.S. at 484)).

Here, Petitioner has made no such showing. Reasonable jurists could not debate whether these issues could have been resolved differently. Further, the issues raised are not "adequate to deserve encouragement to proceed further." <u>Slack</u>, 529 U.S. at 483. Accordingly, the Court **DENIES** Petitioner a Certificate of Appealability.

CONCLUSION

The Court **ADOPTS** the Magistrate Judge's Memorandum and Recommendation (Dkt. # 14) thereby **DISMISSING** Petitioner's § 2254 petition for habeas corpus (Dkt. # 2). The Court also **DENIES** Petitioner a Certificate of Appealability.

IT IS SO ORDERED.

DATED: San Antonio, Texas, April 24, 2014.

David Alan Ezra
Senior United States Distict Judge